# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

OHIO CASUALTY INSURANCE COMPANY,

    Plaintiff,

v.                                       Civ. No.     17-637 MV/SCY

R3F GENERAL CONTRACTORS,
LLC, RUBEN ACOSTA, MARIA I.
ACOSTA,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before me on Plaintiff's Motion for Default Judgment. Doc. 16. United States District Court Judge Martha Vazquez referred this Motion to me on January 25, 2018. Doc. 19. In the Motion, Plaintiff seeks default judgment against Defendant R3F General Contractors, LLC, due to its failure to appear or otherwise defend the present suit. Doc. 16. As a result of Defendant R3F's failure to appear or otherwise defend, Plaintiff seeks damages in the amount of $284,208.38 in addition to statutory and post-judgment interest. Doc. 16 at 4. Based on my review of the pleadings, the relevant law, and the record in this case, I recommend DENYING Plaintiff's Motion without prejudice.

### I.     BACKGROUND

Plaintiff brought suit against Defendant R3F and Defendants Ruben and Maria Acosta (Acosta Defendants) to recover losses it allegedly suffered due to Defendants' failure to perform its obligations pursuant to a construction contract with West Las Vegas Schools (WLVS). *Plaintiff's Complaint*, Doc. 1 at ¶ 6. Plaintiff alleges that once Defendants abandoned the construction project, WLVS demanded that Plaintiff, as surety of the performance and payment

bonds, undertake and perform Defendant R3F's obligations under the contract. Doc. 1 at ¶ 9. Plaintiff ultimately entered into a written agreement with WLVS whereby Plaintiff paid WLVS the principal sum of $240,100.84 in order to satisfy Defendant R3F's remaining obligations under the construction contract and thereby release Plaintiff under the performance bond. Doc. 1 at ¶ 10.

Plaintiff and Defendants entered into an indemnity agreement prior to Plaintiff's issuance of the bonds. Doc. 16-2. Defendant Ruben Acosta signed the agreement on behalf of Defendant R3F. Doc. 16-2. The Acosta Defendants also signed the agreement in their individual capacities. Doc. 16-2. Pursuant to the agreement, Defendants, as indemnitors, promised, among other things, to exonerate and indemnify Plaintiff from all loss costs, expenses and attorneys' fees suffered in connection with any bonds issued by Plaintiff on behalf of Defendants. Doc. 1 at ¶ 11. Consistent with the indemnity agreement, Plaintiff alleges that it made a written demand against Defendants after they defaulted on the construction contract but that Defendants rejected the demand. Doc. 1 at ¶ 18. Plaintiff alleges that, to date, Defendants have not honored their obligations to indemnify, or provide collateral or otherwise exonerate Plaintiff pursuant to their obligations under the indemnity agreement. Doc. 1 at ¶ 20.

Plaintiff filed suit on June 13, 2017. Doc. 1. Plaintiff brought claims against Defendants for Reimbursement (Count I), Exoneration (Count II), Breach of Indemnity Agreement (Count III), and Specific Performance and Quia Timet (Count IV). Doc. 1. In the Complaint, Plaintiff alleges that Defendants are "jointly and severally" liable. Doc. 1 at ¶ A.

Plaintiff filed a certificate of service in regard to Defendant R3F on June 29, 2017. Doc. 5. Plaintiff's certificate of service indicates that Plaintiff served Defendant R3F by leaving a copy of the summons and Complaint with Defendant R3F's statutory agent, Defendant Ruben

Acosta on June 14, 2017. Doc. 5. No counsel has entered an appearance on behalf of Defendant R3F, nor has a responsive pleading been filed on its behalf. Defendants Ruben and Maria Acosta, however, did enter appearances in the case pro se. It appears from the docket that the Acosta Defendants sent their answers directly to Plaintiff, who then filed them on the docket on June 29, 2017. Docs. 8, 9. The Acosta Defendants later filed amended answers on February 9, 2018. Docs. 21, 22. On August 3, 2017, the Acosta Defendants filed a suggestion of bankruptcy on the docket indicating that they had initiated Chapter 7 bankruptcy proceedings. Doc. 12.

Due to Defendant R3F's failure to appear, Plaintiff moved for a clerk's entry of default against it on August 24, 2017. Doc. 13. The clerk's entry of default was entered on August 25, 2017. Doc. 14. Plaintiff subsequently filed the instant Motion for default judgment on January 5, 2018. Doc. 16.

## II.    STANDARD OF REVIEW

"Default judgments are a harsh sanction." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991). The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (internal quotation marks and citation omitted). In exercising that discretion, the court must consider that "[s]trong policies favor resolution of disputes on their merits" and that "default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Rains*, 946 F.2d at 732 (internal quotation marks and citation omitted). In such circumstances, default judgment serves to protect a litigant from "interminable delay and continued uncertainty as to his rights." *Id.* at 732-733 (internal quotation marks omitted).

Federal Rule of Civil Procedure 55 sets out a two-step process for a default judgment. First, a party must obtain a Clerk's entry of default. *See* Fed.R.Civ.P. 55(a) ("When a party

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *Watkins v. Donnelly*, 551 Fed. App'x 953, 958 (10th Cir. 2014) (unpublished) ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment."). Second, the party must either request the clerk to enter default judgment when the claim is for "a sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), or, "[i]n all other cases, the party must apply to the court for default judgment." Fed. R. Civ. P. 55(b)(2).

### III. ANALYSIS

For the following reasons, I recommend that default judgment not be entered against Defendant R3F at this time. The Tenth Circuit follows the rule set out in *Frow v. DeLaVega*, 82 U.S. 552 (1872), which holds that default judgment should not be against one defendant in multi-defendant cases when it is alleged that the defendants are jointly liable "until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *See Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (citing 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2690, at 455-56 (1983)). The Tenth Circuit has concluded that this rule also applies where the defendants are alleged to be jointly and severally liable, as well as where they "have closely related defenses." *Wilcox v. Raintree Inns of America, Inc.*, 76 F.3d 394, 1996 WL 48857, *3 (Feb. 2, 1996) (unpublished). The "key aim of the rule is the avoidance of inconsistent judgments." *Id.* Under such circumstances, the "proper procedure is to enter default but not enter judgment against the defaulter unless the plaintiff prevails against the appearing defendants[.]" *Applied Capital, Inc. v. Gibson*, 05-98 JB/ACT, 2007 WL 5689322,

* 9 (D.N.M. Sept. 27, 2007) (unpublished); *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 n. 1 (10th Cir. 2001).

As noted above, Plaintiff requests "judgment against Defendants R3F General Contractors, LLC, and Rubin Acosta and Maria Acosta…jointly and severally." Doc. 1 at 7. Further, as Defendants are all indemnitors under the indemnity agreement underlying Plaintiff's right to relief, it is apparent that Defendants "have closely related defenses." *Wilcox*, 1996 WL 48857, at *3. While Defendant R3F has not entered an appearance or otherwise chosen to defend this lawsuit, the Acosta Defendants entered appearances and filed responsive pleadings. Accordingly, pursuant to the *Frow* rule, default judgment would be improper at this time. Additionally, because the Acosta Defendants have initiated bankruptcy proceedings, this is not a case in which Defendant R3F's failure to defend has unduly halted the adversary process. 11 U.S.C. 362(a) (providing for an automatic stay upon the initiation of bankruptcy proceedings); *Rains*, 946 F.2d at 732 (stating that "default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."). For these reasons, I recommend that the Court deny Plaintiff's Motion without prejudice at this time with leave to re-file once this matter has been adjudicated as to all Defendants.

That said, I further briefly address an issue raised by United States District Judge James Parker in a similar context. In *Tilga v. United States*, Judge Parker recognized that "at least one Circuit Court has found it 'most unlikely' that the *Frow* rule survived the promulgation of [Fed.R.Civ.P.] 54(b)." Civ. No. 14-256 JAP/RHS, 2015 WL 13667048, *4 (D.N.M. Jan. 2, 2015) (citing *Int'l Controls Corp. v. Vesco*, 535 F.2d 742m 746 n.4 (2d Cir. 1976)). As an initial matter, the default judgment in *Tilga* did not involve jointly liable defendants. *Id.* at 4. Regardless, the case cited by Judge Parker is from the Second Circuit and the Tenth Circuit has

not articulated any such reservations regarding *Frow*. Thus, district courts in New Mexico continue to apply the *Frow* rule in appropriate circumstances. *See Mays v. Court Services, Inc.*, Civ. No. 09-662 KG/KBM, 2014 WL 12789019, *2 (D.N.M. Aug. 19, 2014) (applying *Frow* rule and declining to enter default judgment against non-responding jointly liable defendant); *Thompson v. Gammon*, Civ. No. 12-276, 2015 WL 11120636, *2 (D.N.M. March 17, 2015) (applying *Frow* rule and declining to enter default judgment against two non-responsive defendants who had "closely related" defenses to defendants appearing in the case).

## IV. CONCLUSION

For the foregoing reasons, I recommend concluding that Plaintiff's Motion for Default Judgment as to Defendant R3F General Contractors, LLC, (Doc. 16) be DENIED without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**